IN THE COUNTY COURT OF THE TENTH JUDICIAL
CIRCUIT IN AND FOR POLK COUNTY, FLORIDA

**PAULA MAE MUGAVERO,**

       Plaintiff,                             **Case No.:**

vs.

**EQUIFAX, INC. and**
**EXPERIAN INFORMATION SOLUTIONS, INC,**

       Defendants.

_____/

## COMPLAINT

COMES NOW Plaintiff, Paula Mae Mugavero, individually, by and through the undersigned counsel, and sues Defendants, Equifax, Inc. and Experian Information Solutions, Inc. and states as follows:

### JURISDICTION AND VENUE

1. This matter is a civil action for damages more than $8,000 but less than $50,000.00, exclusive of costs, interest, and attorney's fees, arising out of violations under 15 U.S.C. § 1681 (2018) known as the Fair Credit Reporting Act (Hereinafter as the "FCRA"), negligence, and defamation.

2. Plaintiff, Paula Mae Mugavero, (Hereinafter referred to as "Paula"), currently resides in Polk County, Florida.

3. Defendant, Equifax, Inc. (Hereinafter referred to as "Equifax") is a corporation organized and existing under the laws of the State of Georgia which transacts business in Florida. Equifax transacts business throughout the State of Florida.

4. Defendant, Experian Information Solutions, Inc. (Hereinafter referred to as "Experian") is a corporation organized and existing under the laws of the State of California which transacts business in Florida. Experian transacts business throughout the State of Florida.

5. At all times material to this Complaint, Defendants were doing business in the state of Florida.

6. At all times material to this Complaint Paula has resided in Polk County, Florida.

7. All conditions precedent for the filing of this Complaint have been performed, waived, or otherwise satisfied.

## GENERAL ALLEGATIONS

8. Notice was sent by Paula through undersigned counsel that she was disputing the accuracy of the Wells Fargo Account No.(s) Ending in 6902 (previously the account number ended in 3847) being reported as "Delinquent" since July of 2022 and in a "Charge off" status since May of 2023 by Defendants. This account was originally opened by her late husband without her knowledge, application, nor authorization and she never agreed thereafter to be obligated under the account. After contacting Wells Fargo on multiple occasions over the past year and a half notifying them of the mistake and Wells Fargo on their own admission was unable to produce any evidence to prove her obligation under the Account, they have refused to send a request for removal or deletion of the Account from her credit reporting. Paula then hired the undersigned counsel to contact the Defendants.

9. Paula through undersigned counsel sent a dispute letter to each of the Defendants on October 19, 2023 (See attached "Dispute Letters" as **Exhibit "1"**), which explained the inaccurate reporting by the Defendants, notifying them that Wells Fargo admittedly was

unable to provide proof of her obligation under the Account. The Dispute Letters were sent via USPS Certified Mail, confirmed delivery for Experian was on October 24, 2023, and Equifax was on October 26, 2023.

10. Since sending the Dispute Letters Paula did receive a response from Defendants, but she never received an explanation of the results of the investigations by Defendants other than to state that the account information disputed had been "verified".

11. Paula has not received an explanation, documentation, nor any other evidence from the Defendants to show what proof was used to verify the accuracy of the reporting of the "Delinquent" status in question on her individual credit reports.

### COUNT I – Violations of the FCRA

12. Paula realleges and restates her prior allegations in Paragraphs 1 through 11, above, as if fully set forth herein.

13. Defendants have a duty to furnish accurate credit information to the credit reporting agencies regarding the account with Paula pursuant to the FCRA.

14. Defendants were notified of their inaccurate credit reporting, and they continue to publish the inaccurate information in spite of their knowledge of the same.

15. Defendants have failed to send verifying information as to why they are reporting the "Delinquent" status or even reporting the Account at all.

16. Due to the Defendants' willful and negligent noncompliance with the requirements imposed under the FCRA by refusing to remove or delete the Account or the "Delinquent" status listed on their credit reports, they have caused severe harm to Paula's credit rating.

## COUNT II – NEGLIGENCE

17. Paula realleges and restates her prior allegations in Paragraphs 1 through 16, above, as if fully set forth herein.

18. Defendants have a duty to furnish accurate credit information on their consumer reports regarding the account with Paula.

19. Defendants were notified of their inaccurate credit reporting, and they continue to publish the inaccurate information in spite of their knowledge of the same.

20. Defendants have failed to send verifying information as to why they are reporting the Account as "Delinquent" or even reporting the Account at all.

21. Due to the Defendants' refusal to remove or delete the Account or the "Delinquent" status listed on their credit reports, they have caused severe harm to Paula's credit rating.

## COUNT III – DEFAMATION

22. Paula realleges and restates her prior allegations in Paragraphs 1 through 21 above, as if fully set forth herein.

23. After multiple notices of the inaccurate reporting of the "Delinquent" status currently being reported on Paula's credit reports, Defendants have acted negligently by continuing to report the "Delinquent" status in question.

24. Defendants' inaccurate reporting has resulted in a negative impact to Paula's credit rating to potential lenders which has inhibited her ability to obtain credit, to receive just and proper interest rates, and an inability to refinance loans and obtain new loans which has resulted in severe penalties by having to extend existing loans.

**WHEREFORE**, Paula respectfully demands judgment in her favor and against Defendants for any and all damages sustained by Paula, as a result of Defendants' violations under the FCRA, negligence, and defamation, including but not limited to:

    (1) Statutory damages pursuant to FCRA § 616, which includes damages up to $1,000.00 and reasonable attorney's fees for willful noncompliance;

    (2) Statutory damages pursuant to FCRA § 617, which includes actual damages sustained by the said Paula and reasonable attorney's fees for negligent compliance;

    (3) damages from negligent actions of Defendants resulting in negatively effecting Paula's credit rating and for her time, effort, and costs attempting to resolve this matter prior to a lawsuit;

    (4) an order for Defendants to furnish accurate information on their credit reports by removing or deleting the "Delinquent" status currently listed on their credit reports;

    (3) an award of Paula's costs and expenses;

    (4) attorneys' fees;

    (5) compensatory damages, and;

    (6) any additional relief which this Court deems just and proper.

### JURY TRIAL DEMAND

Defendant hereby demands a trial by jury as to all issues and matters so triable as a matter of right.

                                   Respectfully Submitted,

                                   ADAMS SANDLER LAW GROUP

                                   */s/ Matthew Adams*
                                   MATTHEW ADAMS, ESQ.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 25, 2024, I electronically filed the foregoing document with the Clerk of the Court and a copy was sent to all parties of record.

Respectfully Submitted,

ADAMS SANDLER LAW GROUP

/s/ Matthew Adams
MATTHEW ADAMS, ESQ.
Florida Bar No. 109633
37 N. Orange Ave, Ste. 500
Orlando, FL 32801
Telephone: (407) 926-4144
Email: mattadams@AdamsSandlerLaw.com

# Exhibit 1

Dispute Letters to Equifax, and Experian
dated October 19, 2023



**§ ADAMS SANDLER**
LAW GROUP

**October 19, 2023**

<u>Via US Certified Mail:</u>

Equifax, Inc.
Attn: Legal Department
PO Box 740256
Atlanta, GA. 30374

RE:  Paula Mae Mugavero
Social Security ▮▮▮▮▮▮▮▮
Account: Wells Fargo Bank, N.A.
Reporting as: "Charge off"
Acc. No.(s): Ending in 3847; 6902

## NOTICE OF INACCURATE CREDIT REPORTING AND
## DEMAND FOR REQUEST FOR REMOVAL OF ACCOUNT OR UPDATE

To whom it may concern:

I have been retained to represent Paula Mae Mugavero in the above-referenced matter. I am sending this letter to you in response to a credit report obtained by my client, where your company has reported the above referenced account as in a "Charge off".

This notice is being sent pursuant to the Fair Credit Reporting Act, § 609 [15 U.S.C. § 1681g] and § 611 [15 U.S.C. § 1681i] that my client is disputing the accuracy of the account referenced above. My client never authorized the account to be open and never agreed to be obligated under the account and is therefore requesting validation. My client has previously attempted to resolve the matter directly with Wells Fargo, who is admittedly unable to produce any documents proving an obligation. Please send any and all documents and correspondence relating to this account, including but not limited to, the alleged agreement showing my client's obligation under this account including signatures or other alleged electronic acceptance, if applicable, and the accounting of the current balance alleged to our office within thirty (30) days from receipt of this letter. If after your reasonable investigation your company cannot validate this account and show

WWW.ADAMSSANDLERLAW.COM
1111 3RD AVE WEST, SUITE 303, BRADENTON, FL 34205 | (407) 926-4144
INFO@ADAMSSANDLERLAW.COM



**ADAMS SANDLER**
LAW GROUP

that my client has an obligation under this account, we are demanding that your company delete the account from their consumer report.

If your company does not offer evidence to show proof of the validity of the debt to us within thirty (30) days of receipt of this letter, then my client has instructed my firm to file a lawsuit against your company for your willful and negligent noncompliance pursuant to FCRA §616(a); §617(a), which brings an award for damages in the form of a statutory fine along with reasonable attorney's fees, and also punitive damages may be awarded, along with any other remedies available under the law.

Please contact my office within ten (10) days of receipt of this letter to notify us of your intentions or if you would like to discuss the matter further.

Sincerely,

*/s/Matthew Adams*

Matthew Adams, Esq.
FL Bar No.: 109633

Enclosed:     Authorization for Representation

WWW.ADAMSSANDLERLAW.COM
1111 3RD AVE WEST, SUITE 303, BRADENTON, FL 34205 | (407) 926-4144
INFO@ADAMSSANDLERLAW.COM



**October 19, 2023**

<u>Via US Certified Mail:</u>

Experian Information Solutions, Inc.
Attn: Legal Department
PO Box 4500
Allen, TX 75013

> RE:  Paula Mae Mugavero
> Social Security No.: ████████83
> Account: Wells Fargo Bank, N.A.
> Reporting as: "Charge off"
> Acc. No.(s): Ending in 3847; 6902

**NOTICE OF INACCURATE CREDIT REPORTING AND
DEMAND FOR REQUEST FOR REMOVAL OF ACCOUNT OR UPDATE**

To whom it may concern:

   I have been retained to represent Paula Mae Mugavero in the above-referenced matter. I am sending this letter to you in response to a credit report obtained by my client, where your company has reported the above referenced account as in a "Charge off".

   This notice is being sent pursuant to the Fair Credit Reporting Act, § 609 [15 U.S.C. § 1681g] and § 611 [15 U.S.C. § 1681i] that my client is disputing the accuracy of the account referenced above. My client never authorized the account to be open and never agreed to be obligated under the account and is therefore requesting validation. My client has previously attempted to resolve the matter directly with Wells Fargo, who is admittedly unable to produce any documents proving an obligation. Please send any and all documents and correspondence relating to this account, including but not limited to, the alleged agreement showing my client's obligation under this account including signatures or other alleged electronic acceptance, if applicable, and the accounting of the current balance alleged to our office within thirty (30) days from receipt of this letter. If after your reasonable investigation your company cannot validate this account and show

2024CC-000714-0000-00          Received in Polk 01/25/2024 06:39 PM



that my client has an obligation under this account, we are demanding that your company delete the account from their consumer report.

If your company does not offer evidence to show proof of the validity of the debt to us within thirty (30) days of receipt of this letter, then my client has instructed my firm to file a lawsuit against your company for your willful and negligent noncompliance pursuant to FCRA §616(a); §617(a), which brings an award for damages in the form of a statutory fine along with reasonable attorney's fees, and also punitive damages may be awarded, along with any other remedies available under the law.

Please contact my office within ten (10) days of receipt of this letter to notify us of your intentions or if you would like to discuss the matter further.

Sincerely,

*/s/Matthew Adams*

Matthew Adams, Esq.
FL Bar No.: 109633

Enclosed:     Authorization for Representation